[Civ. No. 17079.   Second Dist., Div. Three.   Mar. 8, 1950.]

BESSIE M. DEARING, Appellant, v. ARTHUR H. FESSLER et al., Defendants; RALPH C. PUCKETT, Respondent.

Joseph L. Fainer and Ludwig H. Gerber for Appellant.

Tripp & Callaway for Respondent.

VALLÉE, J.—Appeal from an order denying a motion to tax costs and to strike respondent's memorandum of costs and disbursements from the record.

Judgment for costs was entered in favor of respondent and against appellant on August 14, 1948. On August 16, 1948, respondent served his memorandum of costs and disbursements by mail on appellant's attorney, who had his office in Los Angeles. Thereafter appellant moved the court to tax

the costs and to strike the memorandum from the record. The motion was denied.

The sole assignment of error is that the memorandum of costs and disbursements was not served as provided by law. Appellant asserts that service of a memorandum of costs and disbursements ''cannot be made by mail unless attempts at personal service have failed.'' There is no question but that appellant's attorney received the memorandum within three days after the entry of judgment.

█ A memorandum of costs and disbursements may be served upon a party or his attorney. (Code Civ. Proc., § 1010.) The service may be personal, by delivery to the party or attorney. (Code Civ. Proc., § 1011.)

Since the amendment in 1931 of section 1012, Code of Civil Procedure, service may be made by mail where there is delivery by mail at the place where the party to be served resides or has his office. (*Leplat* v. *Raley Wiles Auto Sales,* 62 Cal. App.2d 628, 635 [145 P.2d 350].) When *Holmes* v. *Anderson,* 90 Cal.App. 276 [265 P. 1010], relied upon by appellant, was decided, section 1012 allowed service by mail only where the parties resided or had their offices at different places.

Affirmed.

Shinn, P. J., and Wood, J., concurred.